

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1035-11

**THE STATE OF TEXAS**

**v.**

**ALVARO MAZUCA, Appellant**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### DISSENTING OPINION

The result fashioned by the majority opens the door for police to ignore the probable cause requirement and make traffic stops without adequate grounds for doing so. The majority's analysis of the weight of the *Brown* factors may be correct, but the result discounts the trial court's findings as to the credibility of the officers.

A reviewing court should "afford almost total deference to the trial court's rulings on questions of historical fact and on application of law to fact questions that turn upon credibility and demeanor . . . ." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App.

1997); *see Keehn v. State,* 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). The majority fails to give proper deference to the trial court's rulings, in particular the following:

2. The trial court having heard the testimony and having evaluated the demeanor of the witnesses finds that Officer Chavez's testimony that he had a reasonable belief that Transportation Code 547.322 had been violated to not be credible.

3. The trial court having heard the testimony and having evaluated the demeanor of the witnesses finds that Officer Chavez did not have a reasonable belief that the yellow Mustang had white lights to the rear.

7. The trial court finds that [the] yellow Mustang's tail lights emitted red light on December 11, 2008.

11. The trial court having evaluated the credibility of the witnesses finds that there was no other reason for the detain[ment] of the vehicle other than the white lights to the rear.

16. The trial court finds that Alvaro Mazuca had not been suspected of any crime or wrong doing when he was questioned by Officer Chavez.

Based on these findings of fact, the trial court made the following conclusions of law:

1. The driver of the Mustang did not violate Section 547.322 of the Transportation Code on December 11, 2008.

2. The Police Officers did not have probable cause or reasonable suspicion to perform a traffic stop on that date.

3. The arrest warrants of the Defendant did not purge the taint of the illegal stop due to the flagrancy of the police action, the close temporal proximity and the fact that no Miranda warnings were read.

In weighing the purpose and flagrancy of the police conduct under *Brown*, the majority reasons that the court's application of the law to the facts in determining that the police action was flagrant was not supported by evidence on the record. Maj. op. at 25-26.

However, there is no evidence indicating that the officers were justified to make the stop because the taillights emitted red light, rather than only white light. *See* Dissent (Johnson, J.) at 2-3 (discussing application of Texas Transportation Code § 547.322). The color photograph of the vehicle's taillights that was provided to the trial court showed that the taillights were in compliance with the law. The officer testified to the contrary, thus lending support of the trial court's determination that the testimony was not credible and that the officers's conduct was flagrant. The trial court's determination was supported by the record and involved an evaluation of the credibility of the officers. Thus, the appropriate action of the reviewing court is to defer to the trial court.

Although the majority accepts the trial court's conclusions, maj. op. at 24, it comes to a contrary decision by determining that the taint of the illegal stop was attenuated by the discovery of the appellee's arrest warrants. If I had the majority, I would also give deference to the trial court's findings when considering the flagrancy of the police action and conclude that the taint of the illegal detention supports suppression of the drugs.

Furthermore, the practical effect of the majority's holding is to encourage police officers to unlawfully stop motorists in the hope that an arrest warrant will be discovered in the process. A law enforcement officer may lawfully stop a motorist only when the officer has probable cause to believe that a traffic violation has occurred. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). As determined by the trial court and supported by the record, the officers

here had neither probable cause nor reasonable suspicion to believe that the driver violated section 547.322. Accordingly, the stop was illegal and the evidence seized was rightfully suppressed by the trial court. I agree with the outcome of the court of appeals, and respectfully dissent.

Meyers, J.

Filed: May 23, 2012

Publish